IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KAREEM ROSCHARD JEFFERSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-3497 |
| | § | |
| STATE OF TEXAS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Harris County pretrial detainee Kareem Roschard Jefferson, a/k/a Kareem Roshard Jefferson, a/k/a Richard Jefferson, a/k/a Benjamin Brown, filed this *pro se* section 1983 lawsuit complaining of violations of his constitutional rights. He proceeds *in forma pauperis* and names as defendants the State of Texas and Harris County.

Having considered the complaint, matters of public record, and the applicable law, the Court DISMISSES this lawsuit for the reasons that follow.

### *Background and Claims*

Plaintiff is in pretrial custody of the Harris County Sheriff's Office awaiting trial on felony charges for the assault of Alexander Ramos, a public servant. He claims that he was not brought before a magistrate or given his Miranda warnings. He further claims he was unaware he had been formally charged or that bail had been set, and that he was appointed counsel without his consent. Plaintiff further contends that Harris County is guilty of negligence in its training and supervision, and that it encourages a custom of

physical, verbal, and emotional abuse. He does not allege that he incurred any injury as a result of the negligence or custom. Plaintiff seeks monetary damages and "wide spread changes in policy."

*Analysis*

When a prisoner proceeds *in forma pauperis* in a civil action, the Court shall evaluate the complaint and dismiss it without service of process if the Court finds that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2)(B).

A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

*Claims Barred by Sovereign Immunity*

Plaintiff's claims for monetary damages against the State of Texas are barred by sovereign immunity and are DISMISSED WITH PREJUDICE. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984). Moreover, because the State of Texas is not liable for any customs promulgated or practiced by Harris County as to the

Harris County Jail, plaintiff alleges no viable claim under section 1983 against the State of Texas.

*Claims Barred by Heck*

Plaintiff claims that he was not "Mirandized." The Court construes this allegation as raising a claim for violation of *Miranda v. Arizona*, 384 U.S. 436, 475 (1966). Any failure of law enforcement authorities to read plaintiff his *Miranda* warnings does not raise a viable section 1983 claim at this time. Because plaintiff seeks monetary damages for alleged wrongful pretrial detention premised on a *Miranda* violation, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *See, e.g., Bickman v. Blair*, 2000 WL 1056096, at *1 (5th Cir. 2000). Plaintiff's claim is DISMISSED WITH PREJUDICE to being asserted again until the *Heck* conditions are met. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

*Procedural Due Process*

Plaintiff alleges that he was not brought before a magistrate, was unaware he had been formally charged or that bail had been set, and was appointed counsel without his consent. These allegations of procedural due process violations are refuted by state court records or do not raise an issue of federal constitutional dimension.

A review of public online court records in *State v. Jefferson*, Cause No. 1626298 pending in the 178th District Court of Harris County, Texas, shows that a criminal complaint was filed against plaintiff on March 29, 2019. Plaintiff was in jail custody at the time on other criminal charges. The complaint alleged that plaintiff struck the

3

complainant, Alexander Ramos, while the complainant was securing prisoners at the jail. Plaintiff was not personally brought before a magistrate for a probable cause hearing as he was already in custody on other criminal charges. He was appointed counsel on April 1, 2019, and counsel reset plaintiff's arraignment hearing dates. The record shows that plaintiff was later indicted and was personally served a copy of his indictment while in jail on July 1, 2019. The record further shows that plaintiff was aware bail had been set, as he filed a *pro se* motion to reduce the bond amount on August 22, 2019. To the extent plaintiff complains that he was appointed counsel without his consent, he has no constitutional right to be appointed counsel of his choice. *See, e.g., United States v. Conlan*, 786 F.3d 380, 391 (5th Cir. 2015). Plaintiff's motion to waive counsel and proceed *pro se* in his criminal prosecution remains pending before the state court.

Plaintiff's factual allegations fail to state a viable claim for which relief can be granted under section 1983, and these claims are DISMISSED WITH PREJUDICE.

*Custom or Policy Claim*

Plaintiff further contends that Harris County encourages a custom of physical, verbal, and emotional abuse. He seeks monetary damages as well as unspecified "wide spread" policy changes.

The law is clear that allegations regarding threats or verbal abuse, even if true, do not state claims of constitutional significance. *See Orange v. Ellis*, 348 F. App'x 69, 72 (5th Cir. 2009); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983). Consequently,

plaintiff's allegations as to verbal and emotional abuse do not rise to the level of a constitutional deprivation, and no viable claim is raised under section 1983.

A municipality such as Harris County may be liable under section 1983 where "(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Hicks-Fields v. Harris County, Texas*, 860 F.3d 803, 808 (5th Cir. 2017); *see also Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978). "Official [local-government] policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 60 (2011); *see also Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 850 (5th Cir. 2009).

Thus, for purposes of this lawsuit, plaintiff must plead factual allegations sufficient to raise a viable claim that Harris County had a custom or official policy of encouraging the physical abuse of jail detainees, that the policy was promulgated by a named municipal policymaker, and that the policy was the moving force behind a violation of plaintiff's constitutional rights. Plaintiff does not plead factual allegations of a policy maker or that he was physically injured as a result of the purported policy or custom. To the extent other detainees may have been physically injured, plaintiff has no standing to raise claims for injuries incurred by other detainees. As a result, plaintiff pleads no factual allegations showing that the alleged custom or policy was the moving force behind a violation of his constitutional rights.

Plaintiff's allegations against Harris County fail to raise a viable claim for relief under section 1983. The claims are DISMISSED WITH PREJUDICE as to claims regarding verbal and emotional abuse and DISMISSED WITHOUT PREJUDICE as to claims regarding physical abuse.

*State Law Claims*

Plaintiff raises claims of negligence against Harris County. Negligence is based in state law, and does not raise a cognizable federal claim for purposes of section 1983. Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental or pendent jurisdiction over a state law claim when it has dismissed all claims over which it has original jurisdiction. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *see also Enochs v. Lampasas County*, 641 F.3d 155, 161 (5th Cir. 2011) (explaining that the rule in the Fifth Circuit "is to dismiss state claims when the federal claims to which they are pendent are dismissed").

Because the Court is dismissing all of plaintiff's federal claims, it declines to exercise supplemental or pendent jurisdiction over any state law claims raised by plaintiff.

## Conclusion

For the above reasons, the Court ORDERS as follows:

1. Plaintiff's claims against the State of Texas are DISMISSED WITH PREJUDICE for failure to raise a viable claim, premised on sovereign immunity.

2. Plaintiff's claims against Harris County for violation of his *Miranda* rights are DISMISSED WITH PREJUDICE to their being asserted again until the *Heck* conditions are met.

3. Plaintiff's claims against Harris County for violations of his procedural due process rights are DISMISSED WITH PREJUDICE for failure to state a viable claim for relief under section 1983.

4. Plaintiff's claims against Harris County premised on a custom or policy of encouraging verbal and emotional abuse are DISMISSED WITH PREJUDICE.

5. Plaintiff's claims against Harris County premised on a custom or policy of encouraging physical are DISMISSED WITHOUT PREJUDICE.

6. Any and all pending motions are DENIED AS MOOT.

7. The dismissal of this lawsuit constitutes a "strike" for purposes of section 1915(g).

The Clerk is directed to provide a copy of this order to plaintiff. The Clerk will also provide a copy of this order by regular mail or e-mail to the Manager of the Three-Strikes List for the Southern District of Texas, at Three_Strikes@txs.uscourts.gov.

Signed at Houston, Texas on October 28, 2019.

Gray H. Miller
Senior United States District Judge